Walter ENDYKE, Plaintiff,

v.

The UNITED STATES, Defendant.

No. 745–86C.

United States Claims Court.

April 14, 1988.

Walter Endyke, pro se.

Joseph A. Kijewski, for defendant with whom was James M. Spears, Acting Asst. Atty. Gen., Dept. of Justice, Washington, D.C.

## ORDER

SMITH, Chief Judge.

The plaintiff, Walter Endyke, seeks, under Claims Court Rule 60 (RUSCC), relief from a March 10, 1987, order of Judge Seto dismissing his claim for lack of jurisdiction. Plaintiff's motion for relief from judgment was filed on February 29, 1988, nearly a year after the entry of Judge Seto's order. In his motion plaintiff alleges as grounds for relief that:

(1) It was necessary for plaintiff to move to Washington and papers were lost in the process.

(2) It was unknown to plaintiff that defendants [sic] motion for dismissal was illegal. This was new information acquired after moving to Washington ...

Rule 60(b) under which plaintiff proceeds provides in part:

On motion and upon such terms as are just, the court may relieve a party or his legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence which by due diligence could not have been discovered in time to move for a new trial under rule 59(b); (3) fraud ... misrepresentation, or other misconduct of an adverse party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged, ... (6) any other reason justifying relief from the operation of the judgment. The motion shall be made within a reasonable time, and for reasons (1), (2), and (3) not more than one year after the judgment, order, or proceeding was entered or taken.

Plaintiff's allegations appear to be in essence that he has discovered new evidence and that the defendant's motion to dismiss was illegal. As regards plaintiff's move to Washington, D.C., and the lost papers, the court sees no relationship between those factors and the current motion.

### Newly Discovered Evidence

A party must show, when relying upon newly discovered evidence, that: (1) the evidence was in existence at the time of the initial proceeding; (2) the party did not have possession of the evidence at the time of the initial proceeding; (3) the evidence could not have been discovered through "due diligence"; and (4) that the evidence was not cumulative. *See* 11 Wright & Miller, Federal Practice and Procedure § 2859 (1973). Plaintiff's bald assertions of newly discovered evidence upon his relocation to Washington, D.C., do not inform the court that any of the requirements of RUSCC 60(b) have been met.

### Illegal Motion to Dismiss

The court finds no merit to plaintiff's statement as regards the motion to dismiss. The defendant has a duty, to itself and to this court, to utilize all possible good faith defenses available to it. Plaintiff's allegation states no reason why the motion was illegal, unless certain language in the plaintiff's current motion and reply complaining of government delay can be construed to mean that the government's motion was intended to delay the plaintiff's ultimate "right" result, i.e., a decision for plaintiff on the merits.

The defendant's motion to dismiss must have had some merit as Judge Seto did dismiss the case. The proper avenue for relief when the court dismisses a case would be either a RUSCC 60 motion for relief from judgment filed within the sixty-day time for appeal[1], a motion for a new trial or rehearing pursuant to RUSCC 59,

---

1. The court notes that there are conflicting views concerning whether Rule 60(b) should be interpreted so broadly as to include mistakes of law by the court within its ambit. 11 Wright & Miller, Federal Practice and Procedure § 2858 (1973). At this time the court merely includes this reference to point out that plaintiff did not meet even the most liberal interpretation of RUSCC 60(b).

or an appeal to the United States Court of Appeals for the Federal Circuit filed within sixty days after entry of judgment. None of the above were pursued by plaintiff.

The plaintiff's February 29, 1988, motion for relief from judgment is, for the foregoing reasons, denied.